**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| TYRONE HAMPTON,<br>Plaintiff,<br>v.<br>JOHN DOE #1,<br>Defendant. | Case No. 3:25-cv-00143-SLG |

**ORDER OF DISMISSAL UPON SCREENING OF SECOND AMENDED COMPLAINT**

On April 21, 2026, the Court issued a Second Screening Order in this case filed by self-represented prisoner Tyrone Hampton (Plaintiff).[1] On May 1, 2026, Plaintiff filed a Second Amended Complaint (SAC).[2] The Court has now screened the SAC in accordance with 28 U.S.C. §§ 1915(e) and 1915A.

## I. Plaintiff's SAC fails to state a plausible claim

Plaintiff's SAC names only John Doe #1 as Defendant, who is alleged to be a qualified psychiatric provider responsible for prescribing or renewing psychotropic medication. The SAC claims that beginning on January 20, 2025, John Doe #1 "ignored Plaintiff's request for psychotropic medication" and delayed providing the requested medication for 77 days.[3]

[1] Docket 6.

[2] Docket 7.

[3] Docket 7 at 5.

Plaintiff's SAC is inconsistent with the records that Plaintiff filed with his First Amended Complaint. And the SAC fails to correct the deficiencies identified in the Second Screening Order and again provides only conclusory statements that are insufficient to state a plausible claim of deliberate indifference against Defendant John Doe #1. With his First Amended Complaint, Plaintiff filed a Request for Interview Form dated January 20, 2025, in which he requested "to speak with mental health about meds need[ed] for stress and more."[4] That request was forward to Mental Health that same day. And on January 24, 2025, Mental Health Clinician Nat [Dias] responded to Plaintiff's request by stating: "Please complete the attached logs and we will discuss your symptoms at our next follow-up."[5] Plaintiff's prior filings further indicate that he was seen by a mental health provider on February 12, 2025, and again on March 4, 2025, and that he had completed the assigned workbook by March 25, 2025.[6] Soon after, he was seen by a psychiatric provider who could prescribe psychotropic medications, which occurred on April 7, 2025.[7]

Even accepting Plaintiff's claim that Defendant knew Plaintiff requested psychotropic medication on January 20, 2025, and knew that Plaintiff was not prescribed his medications for approximately 77 days—instead of the much shorter

---

[4] Docket 5-1 at 11.

[5] Docket 5-1 at 11.

[6] Docket 5-1 at 7.

[7] Docket 5-1 at 2.

interval between Plaintiff's completion of the assigned workbook by the end of March and the April 7 prescription—a delay in medical care, without more, is insufficient to state a claim against a prison official for deliberate indifference.[8] The SAC does not allege specific facts demonstrating that Defendant John Doe #1, who appears to be a mental health clinician who cannot prescribe psychotropic medication, knowingly delayed a referral, interfered with mental health treatment, failed to facilitate Plaintiff's access to treatment, or otherwise failed to respond to a known medical need. For these reasons, the SAC does not plausibly allege deliberate indifference by Defendant.

Because Plaintiff again fails to allege sufficient facts connecting Defendant's own acts or omissions to the alleged delay and any resulting harm, and instead alleges facts that are at odds with his previously-filed documents,[9] Plaintiff appears to have no additional facts to allege beyond those already pleaded. Accordingly, the Court finds that the SAC fails to state a plausible claim for relief, and that according Plaintiff an additional opportunity to file another amended complaint would be futile. Therefore, this action must be dismissed.

---

[8] *See Shapley v. Nev. Bd. of State Prison Comm'rs,* 766 F. 2d 404, 407 (9th Cir. 1985).

[9] Documents filed by a plaintiff that contradict the allegations of a complaint may fatally undermine the complaint's allegations. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001).

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Second Amended Complaint at **Docket 7 is DISMISSED** for failure to state a claim.

2. This case is **DISMISSED with prejudice**.

3. This dismissal counts as a **STRIKE** under 28 U.S.C. § 1915(g), which may limit Plaintiff's ability to bring future civil rights cases in federal court.

4. All pending motions are **DENIED as moot**.

5. The Clerk of Court shall issue a final judgment and close this case.

6. With this order, the Clerk is directed to send Plaintiff a copy of the Second Screening Order at Docket 6.

DATED this 9th day of October, 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE